**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Reyes ESPINOZA–CORTEZ,
Defendant–Appellant.**

No. 04–40794.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 4, 2005.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Jeffrey L. Wilde, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and
DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME
COURT OF THE UNITED
STATES*

PER CURIAM: *

This court affirmed the sentence of Jose Reyes Espinoza–Cortez. *United States v. Espinoza–Cortez,* No. 04–40794 (5th Cir. Dec. 17, 2004). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Espinoza–Cortez argues that *Booker* dictates that his sentence under the formerly mandatory guideline sentencing scheme is a presumptively prejudicial structural error. He acknowledges that the argument is foreclosed by this court's case law, but he raises it to preserve it for further review.

Because Espinoza–Cortez did not challenge his sentence in the district court, we review the sentence for plain error. Under the plain error standard, the appellant must show that (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights. *United States v.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Mares,* 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005)(No. 04–9517). If these factors are established, the decision to correct the forfeited error is within our discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Espinoza–Cortez's sentence was enhanced based on a prior conviction for burglary of a habitation; however, *Booker* does not apply to such enhancements. *Booker,* 125 S.Ct. at 756. Although the imposition of a sentence under mandatory sentencing guidelines constitutes plain error under *Booker,*\*\* we agree with Espinoza–Cortez's concession that he cannot establish that his sentence at the mid-range of the guidelines affects his substantial rights. *See United States v. Bringier,* 405 F.3d 310, 317–18 & n. 4 (5th Cir.2005), *petition for cert. filed* (Jul. 26, 2005)(No. 05–5535).

Accordingly, we conclude that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming his conviction and sentence.

AFFIRMED.

---

\*\* *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (Jul. 25, 2005)(No. 05–5556).